CASE 60—PETITION ORDINARY—DECEMBER 3.

# Covington Gaslight Co. v. City of Covington.

### APPEAL FROM KENTON CIRCUIT COURT.

1. MUNICIPAL TAXATION—TAXATION OF FRANCHISE.—Prior to the Act of March 11, 1890, the franchise of a corporation was not taxed by the State, and was therefore not taxable by a city under a provision of its charter authorizing it to tax such property as "from time to time may be taxable by the laws of this Commonwealth." That provision was not intended to authorize the city to tax a particular kind of property until the State had exercised its power to tax such property.

2. SAME.—The fact that in the form of tax list prescribed by the statute a certain kind of property is named is not alone sufficient to authorize the taxation of such property.

O'HARA & BRYAN AND JOHN F. & CHARLES H. FISK FOR APPELLANT.

At the time of the assessment of the franchise of appellant company it was not taxable under the laws of the State, and the ordinance of the city authorizing the assessment was without warrant of law. (Covington City Charter, sec. 7, Act March 6, 1876; Acts 1876, vol. 2, p. 28, chap. 440; Acts 1885-6, vol. 2, p. 708, chap. 1161; Act 1850, March 2, sec. 1, art. 5; Acts 1849-50, sec. 6, p. 239—same Act, art. 2, sec. 1, art. 2, sec. 13; Acts 1873-74, p. 259, sec. 1, art. 5, p. 259; Acts 1885-86, vol. 2, chap. 897, p. 317, sec. 4; Acts of 1850, art. 5, sec. 1, art. 2, sec. 18; Gas Company's Charter, Acts 1853-4, vol. 1, 220; Ormsby, &c., v. City of Louisville, 79 Ky., 199, 200; Ordinance of October 28, 1852, in the Record; The Binghampton Bridge, 3 Wall., 76; New Orleans Gas Co. v. Louisiana Light Co., 115 U. S., 650; New Orleans Water Co. v. Rivers, 115 U. S., 674; Louisville Gas Co. v. Citizens' Gas Co., 115 U. S., 683, 692; M'Cullough v. State of Maryland, 4 Wheaton, 316; Gordon v. Appeal Tax Court, 3 Howard, 133, 146; Osborn v. United States, 9 Wheaton, 867; City of Louisville v. Commonwealth, 1 Duvall, 297, 298; Gordon v. Winchester, 12 Bush, 110, 114; Railroad v. Peniston, 18 Wall., 34; Woodbridge v. Detroit, 8 Mich., 274, 301; Wendover v. City of Lexington, 15 B. Mon., 264; General Statutes of Kentucky, sec. 3, art. 1, chap. 92; sec. 5, art. 12, chap. 92; sec. 3, art. 4, chap. 92, p. 1045; secs. 1, 2, 3, 4, 5, 6, 9, chap. 92, art. 4; Cooley's Constitutional Limitations, side pp. 620, 622, 625; Covington Gaslight Co. v. City of Covington, 84 Ky., 94; United States Constitution, 14 Amendment; Ordinances Nos. 149,

Covington Gaslight Co. v. City of Covington.

337, in the Record; Acts 1851–2, p. 605, Act of January 7, 1852; Acts 1857–8, vol. 1, p. 137, Act of January 1, 1858; Acts 1872–3, sec. 1, p. 260, Act of April 9, 1873; Acts 1885–6, vol. 1, p. 140, Act of April 17, 1886; Acts 1886, sec. 3, art. 4, Act of April 17, 1886; Acts 1886, item 59, same Act; Acts 1885–6, vol. 1, sec. 22, p. 168, Act of May 17, 1886; Acts 1889–90, vol. 1, p. 29, secs. 1, 10, 11, Act of March 11, 1890; Cooley on Taxation, p. 175; Burroughs on Taxation, secs. 83, 85; Livingston, &c., v. City of Paducah, 80 Ky., 658, 660, 661; United States v. Chase, 10 U. S. Supreme Court Rep., 758.)

W. A. BYRNE FOR APPELLEE.

1. A franchise is, like other property, subject to be taxed unless a consideration passes to the State for the grant and the franchise is expressly exempted.

2. The General Statutes, in the form giving list of property taxable, mentions franchise. It is the policy of the law to tax all property.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This action was instituted by the City of Covington to recover of the Covington Gaslight Company taxes upon its franchise.

There was a demurrer to the petition and various questions raised as to the mode of assessment and the character of the ordinance under which the authority to assess the franchise is claimed. These questions will not be determined for the reason that the law of the State did not authorize the assessment of this character of franchise at the date the assessment was had; nor will this court undertake to interpret the contract between the City and the Gas Company, under which it is claimed the company is exempt from the taxation of its franchise by reason of the consideration paid by the company to the city for the privilege conferred.

Section 3 of article 4 of chapter 92, General Statutes, prescribed the manner in which gas companies, as well as other corporations, should assess their property, and that is, to report under oath to the assessor on or before the 15th

of September of each year a full and complete statement of all property—real, personal and mixed—including buildings, engines, machinery, pipes, lamp posts, etc., together with any and all species of property connected with or in any way belonging to or under the control of such company, etc., and any surplus fund on hand, cash on hand, stocks, bonds or other securities, and the total cash value thereof.    It is manifest the State did not intend to tax the franchise of this company or to impose upon it any other tax than the value of its property as designated· in the act referred to.    That the holders of stock would be liable for taxes upon the value of the stock will not be doubted, but we have found no statute authorizing expressly or by implication the imposition of a tax upon the franchise itself for either State or municipal purposes, and in the absence of such a power conferred upon the municipal government of Covington we must hold that the attempt to impose such a burden is not to be implied, as is contended, from the provision of the city charter authorizing its council to assess and collect taxes " on such real estate in said city, and on such personal estate, shares in *associations* and moneys within the city, or belonging to the inhabitants of said city, as they may designate, and such as now are, or from time to time *may be taxable by the laws of this Commonwealth.*"

If this provision of the charter is to be construed as giving to the City Council the power to tax the franchise because the State could exercise such a power when the Legislature might deem it expedient, there would be some reason in holding that this taxation was proper, but there is nothing in this provision that gave the city the right to tax a franchise as property when the State had

withheld the exercise of the power. It is true the State may exempt property from taxation for State purposes when the exemption would not apply to taxation for municipal purposes, but in this instance the provision of the charter only applies to the taxation of property already taxed by the State, or such property *as may from time to time be taxable by the laws of the Commonwealth.* The plain purpose of the Act in question was to include property then taxable, and such as might thereafter be made taxable by the laws of the State. Besides, the statute points out in plain terms what property is to be taxed belonging to or owned by such corporations, and this court should not so construe the charter provision in question as to give to the municipality the power to tax that as property the State has never seen proper to tax.

In the legislation of the State prior to the Act of March, 1890, there can be found no imposition of a tax upon the franchise where the corporation is the owner of property that is taxed as well as the shares of stock in the hands of stockholders.

The Act of March 11, 1890, under the title, Revenue and Taxation, chapter 92, article 4, section 10, provides, that in addition to the specific property of all corporations in this State, which is now the subject of taxation under existing laws, the value of the franchise shall be taxable (hereafter), and the value shall be ascertained by the assessor of the county where the corporation has its chief place of business, etc. Whether under this provision you can tax the property of the corporation, its surplus revenue, the value of the stock in the hands of the stockholders, and in addition value the franchise and tax that also, is not a question before us, but it is evident that

the franchise in this class of corporations was not taxable by the laws of the State prior to March, 1890. The section of the charter under which the right to tax is claimed expressly authorizes *shares in associations* to be taxed by the municipality, the provision evidently intending to embrace all kinds of property that was then being taxed by the State, and the fact that in the form of the tax list you find, "Value of corporate franchise," does not affect the question involved, or authorize the imposition of this tax. The corporation has paid taxes on all its property; the shares of stock have either been taxed or are made the subject of taxation, and therefore the court erred in enforcing the tax on the value of the franchise.

The judgment below is reversed with directions to dismiss the petition.